# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SERVFACES GMBH, a German limited liability company,

    Plaintiff,

v.

TED TRUONG, d/b/a The Truong, an individual,

    Defendant.

Case No. 2:19-cv-1906-APG-DJA

**ORDER**

Plaintiff ServFaces GmbH has filed a motion for default judgment against defendant Ted Truong. ECF No. 9. ServFaces requests $50,000 in statutory damages; transfer of the domain name *servfaceswc.com* to ServFaces; a permanent injunction against Truong; attorney's fees in the amount of $9,345.00; and an award of costs.

## **FINDINGS OF FACT**

ServFaces is a German company that provides surface coatings and cleaning agents to customers in several countries, including in the United States. ECF No. 9 at 2. ServFaces is wholly owned by servFaces Holding GmbH & Co. KG ("Holding Company"). *Id*. In late 2019 the Holding Company acquired the worldwide right to the ServFaces trademarks, including the mark ServFaces as a standard character mark and the logo set out in U.S. Trademark Registration No. 5,639,927 (the "SF Logo") (collectively "ServFaces Trademarks") by assignment from the company's founder Jörg Reents. *Id*. The Holding Company then assigned all rights to the ServFaces Trademarks in the United States to plaintiff ServFaces, including the right to bring trademark infringement actions and actions pursuant to the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). *Id*. at 2-3. ServFaces has spent hundreds of thousands of

dollars promoting its products in the United States and has developed substantial goodwill and recognition of the ServFace's trademarks in the United States. *Id* at 3.

Defendant Ted Truong is an individual that markets and promotes products that compete with ServFaces's products, including at the annual SEMA Show in Las Vegas, Nevada. *Id* at 3. The 2018 SEMA show was held October 30 – November 2, 2018 in Las Vegas, Nevada. Prior to this show, on or about October 11, 2018, Truong registered the domain name *servfaceswestcoast.com*. *Id*.

Truong introduced himself to representatives of ServFaces at the 2018 SEMA Show in Las Vegas, Nevada. But ServFaces did not enter into any type of agreement with Truong, nor was any specific agreement ever discussed. *Id*. After the show, Truong put up a counterfeit website at *servfaceswestcoast.com* claiming he was a ServFaces Certified Dealer and directing ServFaces' potential customers to contact him. *Id*.

Truong registered the infringing domain name, *servfaceswc.com*, on January 15, 2019. *Id*. On or about March 1, 2019, counsel for ServFaces sent a cease and desist letter to Truong regarding his activity, including the counterfeit website *servfaceswestcoast.com*. *Id*. Truong did not cease his infringing activity. *Id*.

On May 22, 2019, ServFaces filed a Uniform Domain Name Dispute Resolution Policy ("UDRP") complaint with the WIPO Arbitration and Mediation Center regarding the *servfaceswestcoast.com* domain. *Id* at 4. On August 1, 2019, an Administrative Panel Decision issued finding that Truong had registered and used the *servfaceswestcoast.com* domain in bad faith and transferring the domain to ServFaces. *Id*. Prior to the WIPO Panel Decision, Truong transferred or duplicated the infringing content of *servfaceswestcoast.com* to another infringing domain name, *servfaceswc.com*. *Id*. The current content of the website located at

*servfaceswc.com* prominently uses the SF Logo and falsely declares Truong as the General Manager and authorized contact for Plaintiff's products. *Id.* Truong also created a Twitter account at @TedTruong1 where he represented himself as being affiliated with ServFaces. *Id.*

Truong's use of the ServFaces Trademarks has caused consumer confusion where customers seeking the plaintiff's products are instead directed to Truong's fake website and provided Truong's contact information. *Id.* Truong's use of the ServFaces Trademarks as well as the confusingly similar domain name *servfaceswc.com* has and continues to damage the plaintiff. *Id.*

The ServFaces Trademarks have become distinctive in the United States and around the world for cleaners and protective coatings due to the significant and continued investment by ServFaces. *Id.*

Truong has purposefully directed his activities at Nevada by: (i) regularly conducting business in Nevada including at the annual Specialty Equipment Market Association (SEMA) Show in Las Vegas; (ii) promoting the infringing trademarks all over the United States, including in Nevada, (iii) operating an interactive website on the Internet that are accessible to residents of Nevada; and (iv) upon information and belief, transacting business with residents of Nevada. *Id.* at 8.

On December 4, 2019, the Clerk of the Court entered Truong's default. ECF No. 8.

## **CONCLUSIONS OF LAW**

This court has subject matter jurisdiction over this action under 15 U.S.C. §1121 (actions arising under the Federal Trademark Act) and 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks). This court has specific personal jurisdiction over the Truong as Truong has purposefully directed his activities at Nevada, ServFaces's claims arise from Truong's forum-

related activities, and the exercise of jurisdiction over the Truong is reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, (1985); *Dole Food Co. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002).

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."

The choice whether to enter a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the court should consider the seven factors set forth in *Eitel*: (1) the possibility of prejudice to the plaintiff if default judgment is not entered; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. 782 F.2d at 1471–72. In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(d).

The first *Eitel* factor weighs in favor of default judgment in this case. Truong has failed to respond or appear in the case, which prejudices ServFaces's ability to pursue its claims on the merits and seek recovery of damages. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal 2002) ("Potential prejudice to Plaintiffs favors granting a default judgment. If

Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").

The second and third *Eitel* factors likewise favor entry of default judgment in this case. The complaint adequately alleges ServFaces's trademark infringement and cybersquatting claims. *See Eitel*, 782 F.2d at 1471. ServFaces has proven its trademark infringement and cybersquatting claims and that transferring the domain name *servfaceswc.com* to ServFaces is appropriate.

The fourth *Eitel* factor, which compares the amount of money at stake to the seriousness of Truong's conduct, supports entry of a default judgment. "If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted." *Landstar Ranger, Inc. v. Parth Enter., Inc*., 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010). For statutory damages, ServFaces requests $50,000 under 15 U.S.C. § 1117(d). The statute sets a $1,000 minimum and a $100,000 maximum award for damages per domain name in cases under the Anticybersquatting Consumer Protection Act. *Id*. In determining the appropriate amount of statutory damages for cybersquatting, "courts generally consider a number of factors . . . including the egregiousness or willfulness of the defendant's cybersquatting, the defendant's use of false contact information[,] . . . and other behavior by the defendant evidencing an attitude of contempt towards the court or the proceedings." *See Digby Adler Grp. LLC v. Image Rent a Car, Inc*., 79 F.Supp.3d 1095, 1108 (N.D. Cal. 2015) (quoting *Verizon Cal. Inc. v. Onlinenic, Inc.*, C 08–2832 JF (RS), 2009 WL 2706393 (N.D. Cal. Aug. 25, 2009)).

Here, ServFaces alleges sufficient facts for me to conclude that Truong's acts of cybersquatting were egregious and willful. In addition, this lawsuit was not filed as until several other efforts were made by ServFaces, including sending Truong a cease and desist letter and

going through a WIPO proceeding regarding another domain *servfaceswestcoast.com* which was ultimately transferred to ServFaces. I find that $50,000 in statutory damages is proportionate to the harm caused by Truong's willful actions and warranted to deter Truong from engaging in further acts of infringement or cybersquatting actions.

ServFaces further requests an award of attorney's fees. Section 1117(a) of the Lanham Act authorizes an award of attorneys' fees in exceptional cases. *See* 15 U.S.C. § 1117(a)(3). While the term "exceptional" is not defined in the statute, attorneys' fees are available in infringement cases where the acts of infringement can be characterized as malicious, fraudulent, deliberate, or willful. *Playboy Enters., Inc. v. Baccarat Clothing Co.,* 692 F.2d 1272, 1276 (9th Cir. 1982); *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002).

The Ninth Circuit has held that infringement is "malicious, fraudulent, deliberate or willful" in cases where the complaint pled willful infringement and the district court entered default judgement. *See King Taco Rest., Inc. v. King Taco Express, Inc*., 2010 WL 2817200, at *2 (D. Nev. July 16, 2010) *citing Derek Andrew, Inc. v. Poof Apparel Corp*., 528 F.3d 696, 702 (9th Cir.2008). Here, accepting the factual allegations of ServFaces's complaint as true, this case is exceptional and justifies an attorney's fees award to ServFaces in the amount of $9,345.00. I further award ServFaces its costs.

Thus, the fourth factor favors an entry of default judgment in the amounts set forth above. See *Eitel*, 782 F.2d at 1471.

The fifth *Eitel* factor, the possibility of a dispute concerning material facts, favors ServFaces. There is no dispute concerning the material facts of the case. ServFaces has adequately pleaded trademark infringement and cybersquatting claims. Further, "[o]nce the clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true,

except for those allegations relating to damages." *O'Brien v. United States of America*, no 2:07-cv-00986-GMN-GWF, 2010 WL 3636171, at *1 (D. Nev. Sept. 9, 2010). Considering the well-pleaded factual allegations, there are no disputes of material fact regarding Truong's infringing conduct. Accordingly, the fifth *Eitel* factor favors entry of default judgment.

The sixth *Eitel* factor considers excusable neglect. 782 F.2d at 1472. The factor favors entry of default judgment when the defendant has been properly served or the plaintiff shows that the defendant is aware of the lawsuit and failed to answer. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987). Here, ServFaces properly served Truong, who has failed to answer or otherwise appear. Accordingly, Truong's failure to appear is not the result of excusable neglect. *See id*. The sixth *Eitel* factor favors default judgment in this case.

The seventh *Eitel* factor considers the strong policy favoring case disposition on the merits. *Id*. While public policy generally favors disposition on the merits, default judgment is proper when a defendant deliberately chooses not to defend a case. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Truong's conduct in this case has made it impractical, if not impossible, to adjudicate this case on the merits. Accordingly, default judgment is appropriate. *See Eitel*, 782 F.2d at 1472; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.

Based on the foregoing, I will grant ServFaces's motion for default judgment.

ServFaces further requests a permanent injunction against Truong enjoining him from further infringement of the ServFaces trademarks. The Ninth Circuit has articulated the following four-factor test a plaintiff must satisfy in order to receive a permanent injunction: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of the hardships between the Plaintiff and Truong, a remedy in equity is warranted; and (4) that the

public interest would not be disserved by a permanent injunction." *La Quinta Worldwide LLC v. Q. R. T. M., S. A. de C. V.*, 762 F. 3d 867, 879 (9th Cir. 2014) (citation omitted).

Here, ServFaces has suffered an irreparable injury through Truong's willful infringement. In addition, the infringement is ongoing and remedies available at law are inadequate to compensate for these ongoing injuries. In addition, ServFaces's hardships outweigh any that could be alleged by Truong as Truong will continue to tarnish and unlawfully trade on ServFaces's goodwill if a permanent injunction is not issued. Finally, the public interest will be furthered by a permanent injunction because forbidding infringement will shield consumers against the risk of further deception caused by Truong.

ServFaces has met each of these factors. I will enter a permanent injunction against Truong preventing further infringement of ServFaces's trademarks.

I HEREBY ORDER that plaintiff ServFaces's motion for default judgment (**ECF No. 9**) **is GRANTED**. The Clerk of Court is directed to **ENTER JUDGMENT** in favor of plaintiff ServFaces GmbH and against defendant Ted Truong as follows:

    a.    Statutory damages in the amount of $50,000.00;

    b.    Attorney's fees in the amount of $9,345.00.

    c.    Costs pursuant to an appropriately filed Bill of Costs; and

    d.    Post-judgment interest on the principal sum of the judgment at the statutory rate from the date of entry of the judgment until paid in full.

I FURTHER ORDER GoDaddy.com, LLC to transfer the registration for the domain name *servfaceswc.com* to plaintiff ServFaces GmbH or its designee.

I FURTHER ORDER that defendant Ted Truong is permanently enjoined and restrained from using any reproduction, counterfeit, copy, or colorable imitation of the ServFaces

Trademarks including, without limitation: (i) by selling, offering for sale, distributing, promoting, or advertising any good or service in connection with such reproduction, counterfeit, copy, or colorable imitation of the ServFaces Trademarks; (ii) by displaying any unlawful reproduction, counterfeit, copy, or colorable imitation of the ServFaces Trademarks on any marketing material, business cards, websites, or social media platforms or (iii) by displaying any unlawful reproduction, counterfeit, copy, or colorable imitation of the ServFaces Trademarks at any trade show in the United States, including but not limited to, at any future SEMA trade show.

Dated: February 20, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE